### UNITED STATES of America, Plaintiff–Appellee,

v.

### Carlos Izurietta VALERY, Defendant–Appellant.

No. 00–50583.

D.C. No. CR–98–00504–BAF/CAS.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 17, 2001 [*].

Decided Dec. 27, 2001.

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before SCHROEDER, Chief Judge, TROTT and PAEZ, Circuit Judges.

MEMORANDUM **

Carlos Izurieta Valery appeals his conviction and 70–month sentence following a jury trial for conspiracy to launder monetary instruments in violation of 18 U.S.C. §§ 1956(h), 1956(a)(3)(B) and 1956(a)(2)(B)(i), and laundering of monetary instruments in violation of 18 U.S.C. § 1956(a)(3)(B) and 18 U.S.C. § 2. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Valery contends that the district court erred because it failed to instruct the jury on the proper mens rea required for the crime of aiding and abetting. To the extent Valery has not waived his right to object under the "invited error" doctrine, see United States v. Staufer, 38 F.3d 1103, 1109 (9th Cir.1994) (concluding that review generally denied when defendant proposes instruction which he later attacks on appeal), we review for plain error, see United States v. Boone, 951 F.2d 1526, 1541 (9th Cir.1991), and conclude that Valery's argument is unpersuasive.

The district court's aiding and abetting instruction in this case is Ninth Circuit Model Instruction No. 5.1 (1997 ed.), as modified per Valery's request. Moreover, based upon our review of the record, all requisite elements of the crime of aiding and abetting were adequately stated. See

United States v. Jackson, 72 F.3d 1370, 1385 (9th Cir.1995) (concluding that to sustain a conviction for aiding and abetting money laundering, the jury need only find that (1) the crime was committed; (2) the defendant knowingly and intentionally aided, abetted, counseled, commanded, induced or procured another person to commit the crime, and (3) the defendant acted before the crime was completed). Accordingly, the district court's instruction was proper, and we conclude there was no error, much less plain error.[1]

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. Even assuming that the aiding and abetting instructions were lacking in guidance on specific intent, the instructions considered as a whole were more than adequate to convey to the jury the necessary element of specific intent for the crime. See United States v. Vallejo, 237 F.3d 1008, 1024 (9th Cir.2000) (concluding that jury instructions reviewed as a

whole to determine whether they are misleading or inadequate to guide the jury). Indeed, to find Valery guilty of conspiracy to launder money, or in other words that all the elements of conspiracy as instructed by the district court were proved beyond a reasonable doubt, the jury necessarily would have found that Valery had the requisite specific intent to aid and abet the crime of money laundering.

